IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GINA HOLTZ, et al.,

    Plaintiffs,

vs.                                                      Civ. No. 99-1034 MV/WWD

MARSTON D. BOYD, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

    The purpose of this Report and Recommendation is to bring to the attention of the trial judge, the Honorable Martha Vazquez, United States District Judge, the failure of Plaintiffs' counsel to comply with the rules and orders of the Court on numerous occasions, and to recommend that this cause be dismissed without prejudice.

    This cause was transferred to this Court on September 15, 1999, from the Central District of California. On September 17, 1999, Plaintiffs' counsel, James V. Reiss, a California lawyer, was notified that under D.N.M. LR-Civ 83.3, he would be required to associate with local counsel within twenty (20) days. At a Rule 16 scheduling conference held before the undersigned on February 17, 2000, where Mr. Reiss appeared by telephone, he was again advised that he would need to associate with local counsel, and was told to submit a corrected Initial Pretrial Report by February 28, 2000. When the Initial Pretrial Report was not received, Mr. Reiss was contacted and ultimately was given until March 27, 2000, for the filing of the Initial Pretrial Report.

-1-

When the Initial Pretrial Report was not received on March 27, 2000, Mr. Reiss' office was contacted and Mr. Reiss' assistant told my administrative assistant that Louis Vener, an Albuquerque attorney, had been retained and that he would be filing the Initial Pretrial Report. Mr. Vener has never entered his appearance in this cause. Notwithstanding this fact, Mr. Vener telephoned my administrative assistance and sought postponement of the deadline which had been set for filing of the Initial Pretrial Report. An Initial Pretrial Report signed only by Mr. Vener was in our drop box Monday morning, April 10, 2000. Accordingly, we are now faced with another round of telephone calls to unresponsive attorneys whose nonperformance and unending excuses are thoroughly unprofessional, failing completely to measure up to what is required of a competent and diligent attorney practicing before this Court.

## RECOMMENDATION

I recommend that this cause be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) due to the manifest lack of diligence on the part of Plaintiffs' counsel, the failure of Plaintiffs' counsel to prosecute this cause, and the failure of Plaintiffs' counsel to comply with the rules and orders of this Court.

_____
UNITED STATES MAGISTRATE JUDGE