IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GINA HOLTZ, et al.

    Plaintiffs,

vs.

                                                                                 No. CIV 99-1034 MV/WWD

MARSTON D. BOYD, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court for consideration of Defendants Mariano M. Lerma's and Preferred Transportation's Motion for Summary Judgment, filed February 12, 2001 **[Doc. No. 43]**; Defendants Marston D. Boyd's and Storey Trucking Company's Motion for Summary Judgment, filed February 13, 2001 **[Doc. No. 45]**; Plaintiffs' Motion to Strike Portions of Affidavit of Dr. Derek Swinson, filed February 14, 2001 **[Doc. No. 48]**; Defendants Mariano M. Lerma's and Preferred Transportation's Motion to Strike Plaintiffs' Response to their Motion for Summary Judgment, filed February 27, 2001 **[Doc. No. 54]**; and Defendants Marston Boyd's and Storey Trucking Company's Motion to Strike Untimely Filings, filed February 27, 2001 **[Doc. No. 59]**.

The Court, having considered the motions, responses, replies, relevant law, and being otherwise fully informed, finds that Defendants Mariano M. Lerma's and Preferred Transportation's Motion for Summary Judgment is not well-taken and will be **DENIED**; Defendants Marston D. Boyd's and Storey Trucking Company's Motion for Summary Judgment is well-taken and will be **GRANTED in part**; Plaintiffs' Motion to Strike Portions of Affidavit of

Dr. Derek Swinson is not well-taken and will be **DENIED**; Defendants Mariano M. Lerma's and Preferred Transportation's Motion to Strike Plaintiffs' Response to their Motion for Summary Judgment is not well-taken and will be **DENIED**; and Defendants Marston Boyd's and Storey Trucking Company's Motion to Strike Untimely Filings is not well-taken and will be **DENIED**.

## BACKGROUND

The following are the material undisputed facts.[1] On June 14, 1998, Defendant Boyd was driving a tractor trailer rig westbound on Interstate 10 between Deming and Lordsburg, New Mexico. Defendant Storey Trucking Company, which owned Boyd's rig, had inspected Boyd's vehicle prior to his departure in Alabama and Boyd himself had inspected the vehicle in El Paso, Texas that morning. By approximately 4:25 p.m., a severe dust storm in the area had reduced visibility on the interstate. Boyd could see the dust storm from two miles away. Boyd had on his headlights and running lights. Boyd slowed down and was radioed by another driver that traffic had come to a stop.[2] He passed some vehicles after he entered the dust storm and then either came to a complete stop or kept moving very slowly.[3] He does not remember whether he looked into the rear view mirror before slowing down at this time.

Defendant Mariano Lerma, an employee of Defendant Preferred Transportation, was driving another tractor trailer in the westbound lane, just behind Boyd. Phyllis Holtz was driving

---

[1] The Court accepts as undisputed all facts admitted by both parties and all facts for which no competent contrary evidence has been presented by the opposing party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[2] There is a dispute as to precisely what Boyd was told by radio communication. Moreover, Plaintiffs contend that this is hearsay.

[3] The evidence in the record contains conflicting information as to this issue.

2

a third tractor trailer rig, in which James Holtz was a passenger, just behind Lerma. Lerma did not have the running lights on as he drove through the dust storm. He did not consider driving off the road and stopping after entering the dust storm. Shortly after Boyd stopped, the Lerma rig collided into the rear of the Boyd rig. Lerma first saw Boyd's rig an instant before he collided into it. Lerma did not have time to avoid the Boyd rig. Lerma was rendered momentarily unconscious. Shortly thereafter, the Holtz rig collided into the Lerma rig and exploded into flames. James and Phyllis Holtz were killed in the accident.

On the date of the collision, Officer Terry Gomez was on duty with the Hidalgo County Sheriff's office and received a report of dusty conditions on the interstate. Officer Gomez went to the site of the dust storm, near milepost 11, and began attempting to notify drivers of the hazardous conditions.[4] Officer Gomez noticed the Holtz vehicle, because it was the only one being driven by a female driver. Officer Gomez does not believe that Phyllis slowed down when she entered the dust storm. Officer Gomez was the first officer to arrive at the scene of the accident.

On the date of the collision, New Mexico prohibited, by statute, "any vehicle" from stopping on a highway when it is practicable to stop off the highway. N.M.S.A. § 66-7-349A. The westbound roadway of I-10 consisted of two lanes. There was a median 32 feet wide next to the left lane and a shoulder approximately 12 feet wide next to the right lane. Boyd was in the left lane of the westbound roadway when he brought his rig to a complete stop. There was nothing blocking his way into the median.

---

[4]There is a dispute as to whether Officer Gomez was using a flag to do this or was simply waving to drivers with her hands and arms.

Plaintiff Gina Holtz, James Holtz's daughter, filed this action in the United States District Court for the Central District of California on June 14, 1999 and the action was subsequently transferred to the District of New Mexico. In her complaint, Plaintiff alleged that:

1. Defendants Boyd and Storey Trucking Company negligently, carelessly, and unlawfully managed, operated, maintained, controlled, entrusted and repaired the rig that Boyd was driving on the date of the accident, directly and proximately causing the death of James Holtz;

2. Defendants Mariano M. Lerma, Fransica Lerma, Gelco Corporation, and Preferred Transportation negligently, carelessly, and unlawfully managed, operated, maintained, controlled, entrusted and repaired the rig that Mariano Lerma was driving on the date of the accident, directly and proximately causing the death of James Holtz; and

3. As a proximate result of the defendants' negligence, Plaintiffs have been deprived of the society, comfort, protection, services and support of James Holtz.

Defendants Boyd and Storey Trucking Company seek summary judgment with respect to all of Plaintiffs' claims. Defendants Lerma and Preferred Transportation seek summary judgment with respect to Plaintiffs' claim that Lerma negligently operated the vehicle he was driving, causing the death of James Holtz.[5]

---

[5] On February 15, 2001, the United States Bankruptcy Court for the Western District of Texas entered an Order for Relief under Title 7 of the United States Bankruptcy Code for Preferred Transportation. Preferred Transportation's filing of a bankruptcy petition operated as a stay of the action currently pending before this Court. However, on June 5, 2001, the Bankruptcy Court entered an Order Modifying Stay, clarifying that Preferred Transportation is insured against

**STANDARD OF REVIEW**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to

---

liability for the negligence of its employees and that any damages and/or expenses ordered to be paid by Preferred Transportation in connection with this action will be paid under the provisions of the liability insurance policy. Accordingly, the Bankruptcy Court ordered that the stay be modified to permit the Plaintiffs to maintain this action. The stay having been so modified, the Court will proceed to rule on the pending motions.

judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

A response to a motion must be filed within fourteen days of the filing of the motion. D.N.M. L.R. 7.6.  Whether to strike a response as untimely is within the discretion of the District Court.  *See In re Young*, 91 F.3d 1367, 1377 (10th Cir. 1996); *Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.*, 11 F.3d 385, 388 n.1 (3rd Cir. 1993).

## ANALYSIS

**1.      Jurisdiction and applicable law**

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). Federal Court jurisdiction is strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  Jurisdiction in this case is founded upon diversity of citizenship, *see* 28 U.S.C. § 1332, because Plaintiffs and Defendants are citizens of different states and because the amount in controversy requirement is satisfied.[6]

A federal court sitting in a diversity action must apply the substantive law of the state in which it sits.  *See Boyd Rosene and Assoc., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115 (10th Cir. 1999).  If there is no ruling by the state's highest court, then the federal court must

---

[6]The statutory amount in controversy at the time the complaint was filed was $75,000.00. *See* 28 U.S.C. § 1332(a).  Plaintiffs assert in the complaint that the amount in controversy requirement is satisfied because the amount sought in damages exceeds $50,000.00.  Nonetheless, it is clear from the allegations and prayer for relief set forth in the complaint that Plaintiffs are seeking over $2,000,000.00 in damages, which substantially exceeds the requisite amount in controversy.

"apply what they find to be the state law after giving 'proper regard' to the relevant rulings of other courts of the state." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967); *see also Duke v. Grady Mun. Schools*, 127 F.3d 972, 978 (10th Cir. 1997). When state law is unclear, the federal court must predict how the state's highest court would resolve the issue. *See Armijo v. Ex. Cam., Inc.*, 843 F.2d 406, 407 (10th Cir. 1988). In doing so, the federal court should consider "decisions of other states, and the general weight and trend of authority." *Id.* at 407.

**2.      Lerma's and Preferred Transportation's Motion for Summary Judgment**

Defendants Lerma and Preferred Transportation set forth three arguments in support of their summary judgment motion. First, they argue that Plaintiffs have failed to demonstrate that Lerma's and Preferred Transportation's negligence was the proximate cause of James Holtz's injuries. Second, they argue that Phyllis Holtz herself was negligent. Third, they argue that Plaintiffs have failed to establish proximate cause for wrongful death. Having thoroughly reviewed Defendants' motion, the Court finds that all three arguments boil down to the same contention - that it was Phyllis Holtz's own negligence, and not that of Defendant Lerma or Defendant Preferred Transportation, that proximately caused both the accident and the death of James Holtz.

Defendants correctly set forth the law in New Mexico governing negligence. In order to succeed on their claims, Plaintiffs must show that Defendants had a duty to the decedent, that the duty was breached, and that the breach was the proximate cause of the injury. N.M.U.J.I. § 13-305. Defendants do not dispute that they had a duty to exercise due care in the operation of the vehicle that Lerma was driving. Defendants also do not appear to dispute that this duty of care was breached. As a basis for their summary judgment motion, Defendants rely solely on their

argument that Phyllis Holtz's, not Mariano Lerma's, negligent driving proximately caused James Holtz's injuries and death.

Officer Gomez testified in deposition that Phyllis Holtz did not slow down when directed to and Plaintiffs have not come forward with any evidence to contradict this testimony. Therefore, there is no genuine dispute that Phyllis Holtz failed to slow down when she drove the rig into the dust storm. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.")

Dr. Swinson stated in his affidavit that Phyllis Holtz was solely responsible for the collision that killed decedent. It is true, as Defendants maintain, that Plaintiff has come forward with no expert report to refute this conclusion. However, Defendants have not provided any authority, and the Court has found none, requiring that they do so. Plaintiffs are required to come forward with some admissible evidence to create a genuine issue of material fact. There is no requirement that they come forward with evidence in the form of expert testimony.

Moreover, "[w]ith few exceptions, proximate cause is a question of fact to be determined by the factfinder." *Pollock v. State Highway and Trans. Dept.*, 984 P.2d 768, 773 (N.M. Ct. App. 1999) (internal quotations omitted). "The only time that this is not true is 'when facts regarding causation are undisputed and all reasonable inferences [from those facts] are plain, consistent and uncontradictory.'" *Id.* at 773-774 (quoting *Lerma v. State Highway Dep't.*, 877 P.2d 1085, 1087-88 (1994)). To avoid summary judgment, Plaintiffs need only show facts and conditions from which Defendants' negligent cause of the accident "may be reasonably inferred." *Id.* at 774 (quoting *Sanders v. Atchison, Topeka & Santa Fe Ry. Co.*, 336 P.2d 324, 327 (1959)).

"A reasonable inference is a logical deduction 'from facts admitted or established by the evidence, when such facts are viewed in the light of common knowledge or common experience.'" *Id.* (quoting *Williamson v. Piggly Wiggly Shop Rite Foods, Inc.*, 458 P.2d 843, 847 (N.M. Ct. App.1969)).

Defendants are correct that Plaintiffs have not come forward with any evidence to dispute Defendants' assertion, which is supported by admissible evidence, that Phyllis Holtz was the cause of the collision. As explained above, however, Defendants are entitled to summary judgment only if the facts regarding causation are undisputed *and all reasonable inferences from those facts are plain, consistent and uncontradictory.* Dr. Swinson found that Lerma was negligent. Moreover, there is evidence in the record to demonstrate that Lerma drove into the dust storm without considering that it might be safer to pull off the road, failed to have his running lights on when he drove into the dust storm, and drove into the dust storm at an excessive speed. The Court finds that these facts, viewed in the light of common knowledge or common experience, support an inference that Lerma's negligent driving caused the collision and, hence, James Holtz's death. Therefore, Defendants are not entitled to judgment as a matter of law as to any of these issues and the motion for summary judgment will be denied.

### 3. **Boyd's and Storey Trucking Company's Motion for Summary Judgment**

Defendants set forth three arguments as to why they are entitled to summary judgment. First, Defendants argue that Plaintiffs have failed to establish any evidence to suggest that Boyd was negligent in his operation of the rig or that any negligence of Boyd proximately caused the death of James Holtz. Second, Defendants argue that Plaintiffs cannot demonstrate any genuine issue of material fact with respect to their allegation that Storey negligently entrusted its rig to

9

Boyd. Third, Defendants argue that Plaintiff has failed to adduce evidence to support their contention that Boyd or Storey negligently maintained the vehicle. The Court will address these arguments *seriatim*.

### a. Negligent operation of vehicle

Defendants argue first that Plaintiffs have failed to produce any evidence that Defendant Boyd was operating his vehicle in a negligent manner. The Court finds, however, that sufficient evidence has been produced to create a genuine issue of material fact with respect to this claim. At the time of the accident, New Mexico provided, by statutue, that

> Upon any highway outside of a business or residence district, no person shall stop, park or leave standing a vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park or leave the vehicle off such part of the highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon the highway.

N.M.S.A. § 66-7-349A. Under New Mexico law, violation of this statute is negligence *per se*. *Kelly v. Montoya*, 470 P.2d 563, 566 (N.M. Ct. App. 1970); *Chandler v. Battenfield*, 233 P.2d 1047, 1048 (1951). Moreover, under New Mexico law, whether a driver could have practicably pulled the vehicle off the highway is a question of fact for the jury. *Williams v. Neff*, 326 P.2d 1073 (1958); *Turner v. Silver*, 587 P.2d 966 (N.M. Ct. App.), *cert. denied* 587 P.2d 1089 (1978), *repudiated on other grounds by Southern Union Exploration Co. v. Wynn Exploration Co., Inc.*, 624 P.2d 536 (N.M. Ct. App. 1981).

There is evidence in the record to support Plaintiffs' argument that Boyd could have, but did not, pull into the median or into the shoulder instead of stopping his rig in the middle of the interstate. *See* John A. Lopez Dep. at 44, 49, 51-52; Terry Gomez Dep. at 19. In addition, there

10

is evidence in the record to support Plaintiffs' contention that Boyd negligently failed to look into his rear view mirror prior to coming to a stop or near-stop and negligently passed other vehicles on the roadway after entering a severe dust storm in which the visibility was near zero. This evidence is sufficient to create a genuine issue of material fact with respect to Plaintiffs' claim that Storey was negligently operating his rig when the accident occurred.

Defendants contend that even if Boyd was negligent in failing to pull into the median, summary judgment is still proper because this negligence was not the cause of James Holtz's death. Specifically, Defendants argue that even if Boyd had not been stopped in the highway, the Lerma vehicle still would have had to come to a stop and the Holtz vehicle still would have collided into it. Whether a collision would have occurred regardless of Boyd's negligence, however, and whether such a collision would have caused James Holtz's death, are questions of material fact, which, as explained above, are questions to be determined by the factfinder. *See Pollack*, 984 P.2d at 773. Therefore, the existence of these facts precludes summary judgment on Plaintiffs' claim that Defendant Boyd negligently operated the vehicle, proximately causing the death of James Holtz.

Defendants maintain, nonetheless, that the deposition testimony of Officer Lopez and the affidavit of Dr. Derek Swinson establish that Phyllis Holtz was driving at an excessive rate of speed just prior to the accident and that Boyd was not negligent in the operation of his vehicle. Plaintiffs contend, however, that the testimony of Officer Lopez should be disregarded because he has not been qualified as an expert and was not a witness to the accident. Plaintiffs maintain further that Dr. Swinson's testimony should be disregarded because he has not been qualified as an expert, did not conduct an independent investigation of the accident, has not interviewed any

11

witnesses, and because the report of John Lopez, on which Dr. Swinson relied, is itself inadmissible at trial.

In reviewing a motion for summary judgment, the court is permitted to consider only that evidence which is admissible at trial. *See Harrison v. Eddy Potash, Inc.*, 248 F.3d 1014, 1021 (10th Cir. 2001); *see also Mays v. Rhodes*, – F.3d – , 2001 WL 726802, *3 (8th Cir. 2001) (quoting *Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1098 (8th Cir.1996)). Witnesses are generally required to have personal knowledge of the matters about which they testify, except in the case of expert opinions. *See* Fed. R. Evid. 602. Testimony in the form of lay opinions must be rationally based on the perception of the witness. *See* Fed. R. Evid. 701. Experts are generally permitted to testify when "scientific, techinical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue" and where "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The distinction between lay and opinion testimony is important; lay witness testimony is governed by Rule 701, which limits opinions to those 'rationally based on the perception of the witness,' whereas expert witness testimony is governed by Rule 702, and requries that the expert have 'specialized knowledge.' *See U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997).

Officer Lopez testified in his deposition that, based on the damage to the Holtz vehicle and the fact that it was forced underneath the trailer of the Lerma vehicle, Phyllis Holtz was driving at an excessive speed. *See* John Lopez Dep. at 26. Officer Lopez also testified that Boyd was operating his vehicle in a "prudent and reasonable fashion" at the time of the accident. *See id.* at

76. Plaintiffs are correct that Officer Lopez has not been qualified as an accident reconstruction expert and Defendants have not argued that he should be. Therefore, the Court considers Officer Lopez's testimony as lay opinion testimony, which is govered by Rule 701.

As explained above, a lay witness may give an opinion that is rationally based on the witness's own personal perceptions. Therefore, when a police officer is not formally qualified as an expert, his testimony is admisible as lay opinion testimony only when the officer is a participant in the incident in question, has personal knowledge of the facts being related in the incident in question, or observed the incident in question. *See U.S. v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001); *accord Figueroa-Lopez*, 125 F.3d at 1245-46. A lay witness may generally testify as to the speed at which a moving vehicle was travelling, provided that the testimony is based on the witness's own observations. *See Gust v. Jones*, 162 F.3d 587, 595 (10th Cir. 1998). Officer Lopez was not involved in the accident, did not personally witness the accident, and had no personal knowledge of the facts relating to the accident. Rather, he came to his conclusion as the result of an investigation he conducted after the accident had already occurred. Therefore, the Court finds that Officer Lopez's testimony regarding Phyllis Holtz's speed and the degree to which Boyd was driving "reasonably" or "prudently" would be inadmissible at trial and may not be considered in connection with the Defendants' motion for summary judgment.[7]

The testimony of expert witnesses is generally admissible when "scientific, techinical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine

---

[7]Of course, even if the Court were to consider Officer Lopez's testimony regarding Phyllis Holtz's speed and the manner in which Boyd was driving, Officer Lopez's testimony on these issues does not negate the existence of a genuine issue of material fact with respect to whether Boyd was driving negligently.

a fact in issue" and where "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.  Experts are generally entitled to base their opinions on hearsay or other inadmissible evidence, so long as the evidence is of the sort which a responsible expert draws on in formulating his opinions and so long as the evidence is of the type reasonably relied upon by experts in the same field.  *See Ramsey v. Culpepper*, 738 F.2d 1092, 1101 (10th Cir. 1984); *see also Sphere Drake Ins. PLC v. Trisko*, 226 F.3d 951 (8th Cir. 2000) (citing *Brennan v. Reinhart Institutional Foods*, 211 F.3d 449, 450 (8th Cir. 2000)); *Peabody Coal Co. v. Director, Office of Workers Compensation Programs*, 165 F.3d 1126 (7th Cir. 1999) (internal citations omitted).  Therefore, that Dr. Swinson may have relied on hearsay or other inadmissible evidence in formulating his opinion does not preclude this Court from considering his affidavit in ruling on the motion for summary judgment.

It is undisputed that Dr. Swinson holds a Ph.D. in physics and has been serving as an expert in the area of accident reconstruction analysis since 1968.  It is also undisputed that he has been accepted and qualified as an expert in the area of accident reconstruction analysis by state and federal courts.  Dr. Swinson has analyzed over 1400 accidents and has lectured on accident reconstruction.  He has published numerous articles on the subject of accident reconstruction analysis.

In analyzing the accident at issue in this case, Dr. Swinson reviewed the State of New Mexico Uniform Accident Report, copies of photographs of the accident scene, black and white copies of photographs of the damaged vehicles, the transcribed statement of Boyd, the discovery responses from Boyd and Storey Trucking Company, and the autopsy reports for James and

14

Phyllis Holtz.

Defendants have not sought to qualify Dr. Swinson as an expert witness in this case, and it would, at this time, be premature for Defendants to do so. Without expressing an opinion as to whether or not Dr. Swinson could be qualified as an expert, however, the Court notes that the Tenth Circuit has approved the policy of considering the testimony, in the form of affidavits, of experts who have not been formally qualified as such, at the summary judgment stage. *See Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1311 (10th Cir. 2000). The Court finds that it is proper to consider the affidavit of Dr. Swinson in ruling on Defendants' summary judgment motion. The Court finds further, however, that Dr. Swinson's affidavit, however, does not negate the existence of a genuine issue of material fact with respect to whether Boyd was driving negligently; to the contrary, it highlights the issues that the factfinder must decide at trial.

For the foregoing reasons, the Court finds that there is a genuine issue of material fact as to whether Defendant Boyd was negligently operating his vehicle immediately before the accident occurred. Defendants are not entitled to judgment as a matter of law on this issue; therefore, the Court will deny Defendants' summary judgment as to this claim. The Court does find that it is proper to consider Dr. Swinson's affidavit at this stage and will, therefore, deny Plaintiffs' Motion to Strike Portions of Affidavit of Dr. Derek Swinson.

  **b.**  **Negligent entrustment**

Defendants do not dispute that Boyd was employed by Storey Trucking Company on the date of the accident or that he was paid a percentage of his load as compensation. Defendants do argue, however, that Plaintiffs have failed to produce any evidence that Boyd had a record of departing from the standard of driving; that he had a history of poor driving or that he was

15

improperly trained or supervised; and that Storey Trucking Company had any reason to believe or should have known or suspected that Boyd's driving on public highways presented any type of risk to the health, property, or safety of others traveling the highways. Furthermore, Defendants argue that there is not enough evidence in this case to permit even an inference of negligent entrustment. Plaintiffs do not address this argument in their response and have produced no evidence to rebut Defendants' contentions. The Court finds that there is no genuine dispute of material fact with respect to Plaintiffs' negligent entrustment claim and that Defendants are, therefore, entitled to judgment as a matter of law as to this claim.

      **c.**    **Negligent failure to maintain or repair vehicle**

Defendants argue that Plaintiff has failed to produce any evidence that Boyd's rig was malfunctioning or that Storey Trucking Company or Boyd failed to inspect the rig. Plaintiffs did not address this issue in their reply and have failed to come forward with any witness or document to support their contention. Therefore, the Court finds that there is no genuine dispute of material fact with respect to Plaintiffs' claim that Boyd and Storey Trucking Company failed to maintain or repair the vehicle and that Defendants are, therefore, entitled to judgment as a matter of law as to this claim.

**4.**    **Motion to Strike Untimely Filings and Motion to Strike Plaintiffs' Response**

Apparently, there is a dispute as to when Defendants served their summary judgment pleadings on Plaintiffs' counsel. All Defendants maintain that they served the motions on January 26, 2001 and that the response deadline was February 9, 2001. Plaintiffs maintain that the motions were served after 5:00 p.m. on January 26, 2001, and that the response deadline was February 12, 2001. In any event, Defendants forwarded their motions to the Court on February

13, 2001, without including any responses in the motions packet.

The Court declines to make a factual finding as to whether Defendants' motions were served before or after 5:00 p.m. on Friday, January 26, 2001. Even if they were filed before 5:00 p.m. on that date, the response deadline would be Friday, February 9, 2001. Plaintiffs' responses, filed on February 13, 2001, were not so late that the Court is inclined to strike them. Therefore, the Court will deny these motions.

Defendants also argue that Plaintiffs' Motion to Strike Portions of Affidavit of Dr. Derek Swinson should be stricken as untimely. In support of this motion, Defendants maintain that pursuant to the Initial Pretrial Report, dispositive motions had to be filed with the Court by February 12, 2001 and that the motion is late because it was filed on February 13, 2001. The Court does not consider this motion dispositive in nature and finds, therefore, that the dispositive motions deadline does not apply.

## CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Defendants Mariano M. Lerma's and Preferred Transportation's Motion for Summary Judgment **[Doc. No. 43]** is hereby **DENIED**;

2. Defendants Marston D. Boyd's and Storey Trucking Company's Motion for Summary Judgment **[Doc. No. 45]** is hereby **GRANTED in part**;

3. Plaintiffs' Motion to Strike Portions of Affidavit of Dr. Derek Swinson **[Doc. No. 48]** is hereby **DENIED**;

4. Defendants Mariano M. Lerma's and Preferred Transportation's Motion to Strike Plaintiffs' Response to their Motion for Summary Judgment **[Doc. No. 54]** and Defendants

Marston Boyd's and Storey Trucking Company's Motion to Strike Untimely Filings **[Doc. No. 59]** are hereby **DENIED**.

DATED this 17th day of September, 2001.

_____
Martha Vázquez
U. S. District Judge

Attorney for Plaintiffs
    Louis J. Vener

Attorney for Defendants Marston Boyd and Storey Trucking Company
    Tracy M. Jenks
    Michael J. Brescia

Attorney for Defendants Mariano Lerma and Preferred Transportation
    Bob Thorson
    Donna L. Chapman